**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION**

| | |
|---|---|
| **APPLE TEXAS RESTAURANTS, INC. and APPLE HOUSTON RESTAURANTS, INC.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**APPLEBEE'S FRANCHISOR LLC and APPLEBEE'S INTERNATIONAL, INC.,**<br><br>**Defendants.** | **CIVIL ACTION NO. 2:26-cv-2150** |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Apple Texas Restaurants, Inc. ("Apple Texas") and Apple Houston Restaurants, Inc. ("Apple Houston"), by and through their attorneys, and for their Complaint against Defendants Applebee's Franchisor LLC and Applebee's International, Inc. (together, "Defendants"), state as follows:

**INTRODUCTION**

1.      Apple Texas and Apple Houston are franchisees that operate franchised Applebee's restaurants in the state of Texas. Apple Texas restaurants are located in the Dallas-Fort Worth metropolitan area and Apple Houston restaurants are located in the Houston metropolitan area.

2.      Apple Texas and Apple Houston each respectively have been granted exclusive areas in which to operate Applebee's restaurants. In other words, Defendants are contractually prohibited from authorizing Applebee's restaurants owned by parties other than Plaintiffs to be opened and operated in Plaintiffs' areas of exclusivity.

1

3.    Apple Texas and Apple Houston have been forced to bring this action because Defendants have flouted and breached their contractual obligations to not allow competing Applebee's restaurants to open in Plaintiffs' exclusive areas of operation.

4.    Defendants are the franchisor for Applebee's restaurants and Defendants have one or more affiliates that are the franchisor for IHOP restaurants. The Applebee's and IHOP brands are both owned by Dine Brands Global, Inc., and Defendants are subsidiaries of Dine Brands Global, Inc.

5.    As a result of the corporate affiliation, Defendants have announced their intent to allow other franchisees to open multiple dual-brand Applebee's-IHOP locations in Plaintiffs' exclusive territories. Plaintiffs have brought these contractual breaches to Defendants' attention and Defendants have rejected Plaintiff's complaint.

6.    Indeed, Plaintiffs recently learned that in late February 2026 Defendants allowed a dual-brand Applebee's IHOP restaurant to open in Euless, Tarrant County, Texas. Tarrant County is in the exclusive territory of Apple Texas.

7.    On March 10, 2026, Plaintiffs received notice that a dual-brand Applebee's-IHOP restaurant has been proposed to be placed in Lancaster, Dallas County, Texas. Dallas County is in the exclusive territory of Apple Texas.

8.    On February 4, 2026, Apple Houston received notice that a dual-brand Applebee's-IHOP restaurant has been proposed to be placed in Anahuac, Chambers County, Texas. Chambers County is in the exclusive territory of Apple Texas.

## PARTIES

9.    Plaintiff Apple Texas Restaurants, Inc. ("Apple Texas") is a Texas corporation with its principal place of business in Dallas, Texas.

10.     Plaintiff Apple Houston Restaurants, Inc. ("Apple Houston") is a Texas corporation with its principal place of business in Dallas, Texas.

11.     Defendant Applebee's Franchisor LLC is a Delaware limited liability company with its principal place of business in Pasadena, California. Upon information and belief, there is no member of Applebee's Franchisor LLC or any of Applebee's Franchisor, LLC's direct or indirect parent entities that are not a citizen of the State of Delaware.

12.     Defendant Applebee's International, Inc. is a Delaware corporation with its principal place of business in Pasadena, California. Upon information and belief, Applebee's International, Inc. contributed its U.S. development agreements to Applebee's Franchisor LLC in or about October 1, 2014.

### JURISDICTION AND VENUE

13.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.  Specifically, Plaintiffs are citizens of the State of Texas. Defendant Applebee's Franchisor LLC is a citizen of the State of Delaware and Defendant Applebee's International, Inc. is a citizen of the State of Delaware and California.

14.     Jurisdiction and venue are also proper in this judicial district because the parties expressly agreed in writing in each of the contracts that are the subject of this action that any action between the parties would be brought exclusively in the courts of Johnson County, Kansas, and each irrevocably consented, and waived any objection, to the jurisdiction of and venue in this Court, as well as agreeing that Kansas law governs the parties' agreements.

3

## RELEVANT FACTS

**Apple Texas Acquires 37 Applebee's Restaurants in 2008**

15.     Apple Texas entered into an agreement to purchase thirty-seven (37) Applebee's restaurants from Applebee's Restaurants Texas LLC on October 26. 2008. The closing of the sale was scheduled for November 11, 2008.

16.     At the time of that transaction, the franchisor for the Applebee's system was Applebee's Franchising LLC. Applebee's Restaurants Texas LLC and Applebee's Franchising LLC were affiliates, sharing the same corporate address and internal legal counsel.

17.     On November 11, 2008, Apple Texas and Applebee's Franchising LLC entered into a Development Agreement that granted Apple Texas the exclusive right to develop Applebee's restaurants in forty-six (46) counties in Texas, comprising a significant portion of the Dallas-Fort Worth area, the Waco area, and one county near Austin.

18.     The 2008 Development Agreement's term extended through November 10, 2028.

19.     In addition to providing Apple Texas with an exclusive territory, the 2008 Development Agreement contained provisions discussing the potential development of new restaurants, identifying the franchise fee to be paid if new restaurants are developed, containing plans and specifications requirements if new restaurants are built, and so forth.

20.     However, Apple Texas and Applebee's Franchising LLC also entered into an Addendum to the Development Agreement. This 2008 Addendum, which specifically recognized that Apple Texas and Applebee's Franchising LLC "desire[d] to amend and supplement the terms of the Development Agreement," stated:

> Notwithstanding the fact that each Existing Restaurant was opened prior to the execution of the Development Agreement, the parties hereto agree that each Existing Restaurant will be deemed to be a Restaurant developed under the Development Agreement and each

4

New Franchise Agreement will be deemed to have been issued under the Development Agreement.

21. The 2008 Addendum further provided, "Any conflict between this Addendum and the Development Agreement shall be governed and controlled by the terms of this Addendum."

22. Accordingly, the number of restaurants that Apple Texas was required to develop pursuant to the 2008 Development Agreement was reduced to zero, although it could choose to develop additional restaurants if it so desired.

**Apple Houston Acquires 21 Applebee's Restaurants in 2012**

23. In November 2011, Apple Houston entered into an agreement to purchase twenty-one (21) Applebee's restaurants from third-party sellers. The closing of the sale took place in May 2012.

24. At the time of the 2012 transaction, the franchisor for the Applebee's system was Applebee's International, Inc.

25. On May 4, 2012, Apple Houston and Applebee's International, Inc. entered into a Development Agreement that granted Apple Houston the exclusive right to develop Applebee's restaurants in fifty (50) counties in Texas, comprising a significant portion of the Houston area, the Tyler-Longview area, the Austin area, and one county near Austin.

26. The 2012 Development Agreement's term extended through May 3, 2032.

27. The 2012 Development Agreement contained provisions discussing the potential development of new restaurants, identifying the franchise fee to be paid if new restaurants are developed, containing plans and specifications requirements if new restaurants are built, and so forth.

28. However, Apple Houston and Applebee's International, Inc. also entered into an Addendum to the Development Agreement. This 2012 Addendum, which specifically recognized

5

that Apple Houston and Applebee's International, Inc. "desire[d] to amend the Development Agreement," stated:

> Notwithstanding the fact that each Existing Restaurant was opened prior to the execution of the Development Agreement, the parties hereto agree that each Existing Restaurant will be deemed to be a Restaurant developed under the Development Agreement and its respective Franchise Agreement will be deemed to have been issued under the Development Agreement.

29.     The 2012 Addendum further provided, "Any conflict between this Addendum and the Development Agreement shall be governed and controlled by the terms of this Addendum."

30.     Accordingly, the number of restaurants that Apple Houston was required to develop pursuant to the 2012 Development Agreement was reduced to zero, although it could choose to develop additional restaurants if it so desired.

**The Parties' Course of Conduct**

31.     The Parties operated under the 2008 and 2012 Development Agreements without issue until mid-2025.

32.     However, in September 2025 Plaintiffs learned that Defendants were contemplating authorizing dual-brand Applebee's-IHOP locations to be developed in Plaintiffs' exclusive territories.

33.     Plaintiffs, through their counsel, wrote to Defendants to complain about this potentially infringing activity.

34.     Despite never having mentioned it prior to September 2025, Defendants took the position that each of the 2008 and 2012 Development Agreements had been terminated due to alleged breaches by Plaintiff.

35.     Specifically, Defendants claimed that Plaintiffs had failed to satisfy their development obligations under each Development Agreement. This despite the fact that, other

6

than the initial development obligations, Defendants did not provide Apple Houston or Apple Texas with additional development obligations as required by the Development Agreements.

36.    Defendants contended that the 2012 Development Agreement had been terminated because Apple Houston had not opened any restaurants in its territory.  Defendants rejected the language in the 2012 Addendum providing that the each of the 21 restaurants purchased by Apple Houston "will be deemed to be a Restaurant developed under the Development Agreement and its respective Franchise Agreement will be deemed to have been issued under the Development Agreement."

37.    Similarly, Defendants contended that the 2008 Development Agreement had been terminated because Apple Texas had not opened any restaurants in its territory. Defendants rejected the language in the 2008 Addendum providing that the each of the 37 restaurants purchased by Apple Houston "will be deemed to be a Restaurant developed under the Development Agreement and its respective Franchise Agreement will be deemed to have been issued under the Development Agreement."

38.    Defendants further took the position that each Development Agreement had been terminated because Plaintiffs had closed certain underperforming locations without replacing them, even though each addendum specifically allowed restaurant closures to take place and closures subsequently were authorized pursuant to an Agreement to Amend Development Agreements and Terminate Franchise Agreements dated August 22, 2017.

39.    Defendants final excuse for not honoring the exclusivity provisions in the 2008 Development Agreement was that Apple Texas breached the agreement as a result of a landlord locking Apple Texas out of its restaurant due to a landlord-tenant dispute. Defendants contended that this lockout allowed them to unilaterally, and pretextually, terminate the 2008 Agreement,

7

even though Defendants already had been planning to ignore the exclusivity provisions in the 2008 Agreement for quite some time prior to the lockout.

**Defendants' Violations of the Development Agreements**

40. Defendants have breached the 2008 Agreement by allowing a dual-brand Applebee's-IHOP restaurant to open in Euless, Texas, part of Apple Texas' exclusive territory.

41. Upon information and belief, Defendants have breached both the 2008 and 2012 Agreements by authorizing additional dual-brand Applebee's restaurants to be opened in Plaintiffs' exclusive territories.

42. Plaintiffs have suffered, and will continue to suffer, injury as a result of Defendants' actions.

43. A competing Applebee's restaurant operating in either territory exclusively belonging to Plaintiffs is diverting and will continue to divert customers and revenues from the nearby Applebee's locations operated by Plaintiffs. Indeed, Defendants' parent, Dine Brands Global, Inc., has repeatedly touted the superiority of the dual-brand restaurants when compared to the standalone Applebee's restaurants. These statements materially diminish the "System" that Defendants promised to provide to Plaintiffs under their respective franchise agreements. Defendants were well aware that opening dual-brand restaurants in Plaintiffs' exclusive territories would cause significant, ongoing harm to Plaintiffs.

**COUNT I**
**DECLARATORY RELIEF**
**(Both Plaintiffs)**

44. Plaintiffs incorporate each and allegation of the preceding paragraphs as if fully set forth herein.

45. The 2008 Addendum to the 2008 Development Agreement provides that it controls in the event of a conflict with the Development Agreement.

8

46.    The 2008 Amendment provides that the 37 restaurants purchased in 2008 by Apple Texas are each deemed to be a Restaurant developed under the 2008 Development Agreement.

47.    The 2012 Addendum to the 2012 Development Agreement provides that it controls in the event of a conflict with the Development Agreement.

48.    The 2012 Amendment provides that the 21 restaurants purchased in 2012 by Apple Houston are each deemed to be a Restaurant developed under the 2012 Development Agreement.

49.    Accordingly, Apple Texas and Apple Houston are entitled to a declaration that each has satisfied the restaurant development obligations in their respective Development Agreements and that the Development Agreements are not terminated, but remain in full force and effect.

**COUNT II**
**DECLARATORY RELIEF**
**(Apple Houston)**

50.    Plaintiffs incorporate each and allegation of the preceding paragraphs as if fully set forth herein.

51.    Having fulfilled the restaurant development obligations in the 2012 Development Agreement, Apple Houston is entitled to a declaration that the 2012 Development Agreement remains in effect and is enforceable by Apple Houston.

**COUNT II**
**DECLARATORY RELIEF**
**(Apple Texas)**

52.    Plaintiffs incorporate each and allegation of the preceding paragraphs as if fully set forth herein.

53. Apple Texas has fulfilled each and every development obligation in the 2008 Development Agreement.

54. Having fulfilled the restaurant development obligations in the 2012 Development Agreement, Apple Texas is entitled to a declaration that the 2012 Development Agreement remains in effect and is enforceable by Apple Texas.

## COUNT III
## BREACH OF CONTRACT – SPECIFIC PERFORMANCE
### (Both Plaintiffs)

55. Plaintiffs incorporate and reallege each allegation of the preceding paragraphs as if fully set forth herein.

56. Defendants' failure and refusal to comply with their obligations under the 2008 and 2012 Development Agreements, including, without limitation, the exclusive territory provisions, constitute material breaches of the Development Agreements.

57. As a direct and proximate result of Defendants' continuing breaches, Plaintiffs have suffered and will continue to suffer actual, substantial, and irreparable harm, including but not limited to customer goodwill and loyalty, lost profits, diminution in the value of its exclusive territory rights, and loss of competitive advantage.

58. Further, Plaintiffs have been and will be irreparably harmed by Defendants' actions, and monetary damages are an insufficient remedy in that they cannot fully and adequately compensate Plaintiffs for the continuing damage to the value of Plaintiffs' goodwill and reputation, all of which is caused by Defendants' continuing material breaches.

59. The above harm will continue to accumulate and further diminish the value of Plaintiffs' franchises with every dual-brand restaurant that Defendants allow to open in Plaintiffs' exclusive territories.

60.     Absent injunctive relief enjoining their misconduct and ordering specific performance of their contractual obligations, Defendants' material breaches will continue to cause Plaintiffs irreparable harm.

## COUNT III
## BREACH OF CONTRACT – DAMAGES
### (Both Plaintiffs)

61.     Plaintiffs incorporate and reallege each allegation of the preceding paragraphs as if fully set forth herein.

62.     Defendants' failure to adhere to the exclusivity provisions in accordance with the terms of the 2008 and 2012 Development Agreements constitute material breaches of the Development Agreements.

63.     Defendants have allowed at least one competing dual-brand Applebee's restaurant to open in Euless, Tarrant County, Texas, within the exclusive territory belonging to Apple Texas.

64.     Defendants additionally have approved other dual-brand Applebee's locations to be opened in Royse City, Rockwall County, Texas, and Princeton, Collin County, Texas, both within the exclusive territory belonging to Apple Texas.

65.     Upon information and belief, Plaintiffs allege that Defendants intend to allow additional competing dual-brand Applebee's restaurants in Plaintiffs' exclusive territories and has sent Plaintiffs notices of applications regarding such intrusions in both exclusive territories.

66.     As a direct and proximate result of Defendants' breaches, Plaintiffs have sustained damages in an amount to be proved at trial.

11

## COUNT IV
## BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING – DAMAGES
### (Both Plaintiffs)

67.     Plaintiffs incorporate and reallege each allegation of the preceding paragraphs as if fully set forth herein

68.     Defendants have breached the duty of good faith and fair dealing implied by Kansas law into every contract.

69.     Upon information and belief, Defendants have knowingly planned to open competing dual-brand Applebee's restaurants in Plaintiffs' exclusive territories since at least as early as 2024. Yet at no time prior to September 24, 2025 did Defendants ever inform Plaintiffs of Defendants' newfound belief that the 2008 and 2012 Development Agreements no longer existed.

70.     Defendants allowed Plaintiffs to perform, accepted Plaintiffs' performance, and utilized Plaintiffs' performance for the benefit of the Applebee's franchising system for over a decade. Indeed, Plaintiffs provided multiple innovative marketing and promotional strategies to Applebee's franchising system over the years.

71.     Nevertheless, Defendants secretly plotted over the last two years to undermine Plaintiffs' position in the marketplace. Defendants' earning calls, interviews, and other public statements frequently tout the benefits of dual-branded restaurants. Of course, those benefits come at the expense of existing franchisees like Plaintiffs, who do not operate dual-branded locations but now have to compete with them in what should be Plaintiffs' protected territories.

72.     Defendants' ex post facto arguments about termination of the Development Agreements and their attempts to terminate those Agreements are unreasonable, done

12

intentionally, purposely, in bad faith, and in retribution for Plaintiffs' complaints, and therefore violate the duty of good faith and fair dealing.

73.     Accordingly, Defendants have significantly harmed Plaintiffs' ability to continue to recognize the fruits of the Development Agreements, both financially and by damaging Plaintiffs' goodwill and changing consumers' buying patterns, harm which will be exacerbated with every dual-brand Applebee's restaurant that Defendants allow to open in Plaintiffs' exclusive territories.

74.     As a direct and proximate result of Defendants' breaches, Plaintiffs have sustained damages in an amount to be proved at trial.

## COUNT V
## UNFAIR COMPETITION – DAMAGES
### (Both Plaintiffs)

75.     Plaintiffs incorporate and reallege each allegation of the preceding paragraphs as if fully set forth herein.

76.     Defendants seek to capitalize on the efforts of Plaintiffs in their exclusive territories to promote the Applebee's brand – through both local marketing and mandatory contributions to Applebee's brand marketing nationally that also appears in the relevant local markets – by now allowing competing dual-brand Applebee's restaurants to open.

77.     Plaintiffs have been contributing to the Applebee's brand for over 15 years, equating to hundreds of thousands of dollars just in marketing expenses alone. Plaintiffs also created multiple marketing concepts that Defendants adopted for the Applebee's system, including, among multiple other items, the Dollarita® promotion that the Applebee's system still uses today.

78.     Now, at Defendants' whim, Defendants seek to simply usurp Plaintiffs' contributions, payments, and good will to allow competing franchisees to enter into Plaintiffs'

13

exclusive territories, offer what Applebee's and its parent have repeatedly touted as a significantly better product, all to Plaintiffs' detriment.

79.    As a direct and proximate result of Defendants' breaches, Plaintiffs have sustained damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendants, jointly and severally:

A.    A declaration that the 2008 Development Agreement still is in effect and provides Apple Texas with an exclusive territory as stated therein;

B.    A declaration that the 2012 Development Agreement still is in effect and provides Apple Houston with an exclusive territory as stated therein;

C.    A preliminary and permanent injunction enjoining Defendants, and each of them, and their respective agents, servants and employees, and all persons in active concert or participation with them from approving and/or opening any Applebee's restaurant, whether standalone or dual-branded, in Plaintiffs' exclusive territories;

D.    Damages that Plaintiffs have sustained by reason of Defendants' breaches of the 2008 and 2012 Development Agreements, Defendants' breaches of the duties of good faith and fair dealing implied into the 2008 and 2012 Development Agreements, and/or Defendants' unfair competition;

E.    An award of the costs and expenses, including reasonable attorneys' fees, incurred by Plaintiffs in connection with this action; and

F.    Such other and further relief as the Court deems just and proper.

14

Dated:  March 19, 2026

Respectfully submitted,

/s/ *Jeffrey J. Simon*

Jeffrey J. Simon          KS #15231
Sara A. Fevurly          KS #27537
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO  64112
(816) 983-8000
(816) 983-8080 (Fax)
jeff.simon@huschblackwell.com
sara.fevurly@huschblackwell.com

   - and -

J. David Apple (*pro hac vice forthcoming*)
J. DAVID APPLE, P.C.
735 Plaza Blvd., Suite 200
Coppell, Texas 75019
Telephone: (972) 315-1900
Facsimile: (972) 315-1955
Email: jdapple@jdalaw.com

**ATTORNEYS FOR PLAINTIFFS**

15