## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

APPLE TEXAS RESTAURANTS, INC., et al.,

     Plaintiffs,

v.

APPLEBEE'S FRANCHISOR LLC, et al.,

     Defendants.

Case No. 26-2150-DDC-ADM

APPLEBEE'S FRANCHISOR LLC,

     Counterclaimant,

v.

APPLE TEXAS RESTAURANTS, INC., et al.,

     Counterclaim Defendants.

## MEMORANDUM AND ORDER

Plaintiffs and defendants have traded motions seeking a preliminary injunction. *See* Doc. 45 (plaintiffs' motion); Doc. 50 (defendants' motion). Defendants' motion asks, in the alternative, for the court to appoint a receiver. Doc. 50 at 2. Neither motion includes a brief with fulsome argument. Instead, the parties reveal that they plan to conduct discovery before they brief the motions. To that end, the parties jointly ask the court to stay the briefing deadlines for these motions. Doc. 53. The court grants the motion.

The court orders the parties to notify United States Magistrate Judge Angel D. Mitchell of their plan and to confer with Her Honor to set a schedule for the discovery necessary to these motions.  And the court sets the following deadlines for the parties' supplemental briefs on their competing motions:

- Principal briefs:  Friday, September 4, 2026.

- Response briefs:  Friday, September 25, 2026.

- Reply briefs:  Friday, October 9, 2026. [1]

The court also sets the parties' motions for an evidentiary[2] hearing on November 5, 2026 at 1:00 P.M.  To ensure adequate time to prepare for the hearing, the court doesn't plan to grant motions for extensions of time for the parties to file their briefs, absent extraordinary and compelling circumstances.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' Joint Motion to Stay (Doc. 53) is granted.

**IT IS SO ORDERED.**

**Dated this 13th day of July, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

---

[1]     In case it helps the parties determine how to allocate their resources, the court notes that defendants' alternative relief—appointment of a receiver—is a non-dispositive matter.  *United States v. High Plains Livestock, LLC*, No. 15-CV-680 MCA/WPL, 2016 WL 10591975, at *4 (D. Colo. Jan. 11, 2016).  So, if the court denies defendants' motion for a preliminary injunction, it likely will refer the receivership issue to the Magistrate Judge.  The court discloses this course of events only to help the parties plan their approach.  It doesn't express any view on the merits of the parties' not-yet-briefed motions for obvious reasons.

[2]     The court expects the parties to present evidence at this hearing.  If the parties intend to convert the hearing from an evidentiary one to oral argument only, then they should inform the court as soon as they formulate that plan.