**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**APPLE TEXAS RESTAURANTS, INC., et al.,**

**Plaintiffs,**

**v.**

**APPLEBEE'S FRANCHISOR LLC, et al.,**

**Defendants.**

**APPLEBEE'S FRANCHISOR LLC,**

**Counterclaimant,**

**v.**

**APPLE TEXAS RESTAURANTS, INC., et al.,**

**Counterclaim Defendants.**

**Case No. 26-2150-DDC-ADM**

## MEMORANDUM AND ORDER

On December 1, 2026 the court will convene an evidentiary hearing on the parties' cross-motions for preliminary injunctions. Doc. 144. Defendants now have filed a motion asking to seal the courtroom for that hearing. Doc. 176. They plan to present evidence that they claim is "protectable commercial information." *Id.* at 4. And, in their view, that evidence warrants excluding the public from the courtroom for the entire hearing. The court disagrees. Because defendants haven't shown that sealing the courtroom is a mechanism narrowly tailored to protect their legitimate confidentiality interests, the court denies their motion. This Order explains why.

Whether the court should seal case-related information or withhold it from the public "is a matter left to the sound discretion of the district court." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Courts have long recognized a common-law right of access to judicial records." *Id.* And, though the right "is not absolute," *id.*, our Circuit has described the public's interest in accessing judicial information as "presumptively paramount." *See Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980). Therefore, judicial hearings are subject to a "presumption of openness" that a party may overcome only by showing (1) "that closure is essential to preserve" an "overriding interest," and (2) that the proposed sealing "is narrowly tailored to serve that interest." *See Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510 (1984).

Defendants expect to present evidence, they say, that contains "confidential commercial information," including trade secrets. Doc. 176 at 4. And, indeed, courts have held that a company's interest in protecting information of that character can override the public's interest in access to a judicial hearing. *See, e.g.*, *Paradigm All., Inc. v. Celeritas Tech., LLC*, 2009 WL 10690040, at *1 (D. Kan. Dec. 1, 2009); *BP Am. Prod. Co. v. Hamer*, 2019 WL 7049990, at *2 (D. Colo. Dec. 23, 2019). The court agrees, therefore, that if defendants can substantiate their "confidential-information" claim, it should seal from the public at least some of the evidence defendants reference in their motion.

But defendants haven't shown that sealing the courtroom for the *entire* preliminary-injunction hearing is "narrowly tailored to serve" their interest in keeping their information confidential. Based on the parties' briefs, the court predicts that much of the evidence the parties will present at the preliminary-injunction hearing won't suffice to overcome the "presumption of openness." *See Press-Enter. Co.*, 464 U.S. at 510. So, the court should leave the courtroom

open to the public for at least some of the hearing and only seal the courtroom when the parties present truly confidential information.

Defendants' primary argument resisting this solution is one of efficiency: By their telling, repeatedly "clearing and reopening the courtroom would be impracticable, would consume the parties' limited time, and would risk inadvertent disclosure." Doc. 176 at 8. But defendants don't cite any authority that efficiency is a value that can overcome the presumption of openness. And the cases defendants cite to support their view that sealing the courtroom is a "narrowly tailored" solution don't apply to this run-of-the-mine contract dispute. In some of the cases defendants cite, courts sealed their courtrooms because the hearing at issue focused extensively on trade secrets. *See BP Am. Prod. Co.*, 2019 WL 7049990, at *2; *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 664 (8th Cir. 1983). And in the other cases, courts sealed their courtrooms, but only for part of the proceedings—just as the court contemplates doing here. *See Paradigm All.*, 2009 WL 10690040, at *1 ("[T]he order [sealing the courtroom] is a narrow one, and in effect only during such portion of Mr. Brunett's testimony which directly involves confidential trade secrets."); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1074 (3d Cir. 1984) (finding that "the district court abused its discretion by excluding the public and press" from nonconfidential aspects of a preliminary-injunction hearing). The court therefore disagrees that sealing the courtroom for the entire preliminary-injunction hearing is "narrowly tailored" to the interest defendants claim. *See Press-Enter. Co.*, 464 U.S. at 510.

But this conclusion doesn't mean defendants can't protect their trade secrets. They can still move to seal the courtroom for parts of the December 1st hearing when they present confidential information. And the court will consider those motions as the parties make them. But a full closure of the courtroom isn't warranted, so the court denies defendants' motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendants' Motion to Seal the Courtroom for Preliminary-Injunction Hearing (Doc. 176) is denied.

**IT IS SO ORDERED.**

**Dated this 25th day of November, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree______**
**Daniel D. Crabtree**
**United States District Judge**